476 A.2d 217

**Donnie WINEHOLT**

**v.**

**WESTINGHOUSE ELECTRIC CORPORATION, et al.**

**No. 1459, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

June 11, 1984.

Allan B. Rabineau, Baltimore, for appellant.

Carl F. Ameringer, Baltimore, with whom was Michael Esher Yaggy, Baltimore, on the brief, for appellees.

Argued before LOWE, ADKINS and BELL, JJ.

LOWE, Judge.

In *Metromedia, Inc. v. Hillman,* 285 Md. 161, 172, 400 A.2d 1117 (1979), the Court of Appeals advised the United States District Court that which a declaration for libel must allege to constitute a cause of action in Maryland: a false and defamatory communication made knowingly, recklessly or negligently; that the false statement is defamatory or, if not, the explicit extrinsic facts and innuendo which make it so; and with "some particularity, an allegation of damages".

Donnie Wineholt sued Westinghouse Electric Corporation and Barnett Brooks for defamation. Four times appellees demurred, four times they were sustained, on the last occasion without leave to amend. The declaration at issue alleged that the corporate appellee, through its agent appellee Brooks, knowingly republished by letter a false allegation that appellant had

"'lost her apartment ... because, .... the apartment was being used to fence stolen goods.'"

The record extract contains no reasons for the court's action—no transcripts, no opinion and no order, and only a few docket entries. We must, therefore, look to appellees for the Circuit Court for Baltimore County's justification for so harsh a conclusion.

—per se or per quod—

In *Metromedia,* Judge Smith observed that the Court's holding in *Jacron Sales Co. v. Sindorf,* 276 Md. 580, 350 A.2d 688 (1976), evidenced the erosion of much of the distinction or difference between libel per se and libel per quod. While we hesitate to quibble quantitatively over the degree of disappeared difference, it is clear from the remainder of Judge Smith's decision that the differences remaining are as significant for pleading purposes as are those washed away by *Jacron.* Since *Metromedia* is a compendium of cases and bibliographies that have laboriously laid out the academic distinctions between defamation per se and per quod, it will suffice here to simplify two differences for pleading purposes.

■ A defamation actionable "by itself" (*i.e.,* per se) needs no explanation. Its injurious character is a fact of common knowledge. *American Stores Co. v. Byrd,* 229 Md. 5, 12, 181 A.2d 333 (1962). A defamation per quod is actionable "by that which" circumstantially makes it so. The circumstance explaining why the ordinarily ambiguous words contextually connote a defamation must be pled as a colloquium. That the words were meant to impute to the plaintiff the crime or offense is explained as an innuendo. These differences were not affected by *Jacron.*

> "Under Maryland principles of pleading the same rules continue to apply as to the nature of the libel. That is, if the libel is readily apparent as in the situation where one is called a thief, no explanation is necessary, but in the instances which previously would have been a libel per quod, the nature of the libel must be pleaded with the same particularity as formerly." *Metromedia supra* [285 Md.] at 163, 400 A.2d 1117.

A problem arises in the case before us because appellant treats the allegation as a per se defamation while appellees consider it sufficiently ambiguous to require a colloquium and innuendo. Appellees point out that the letter stated only that appellant's "apartment was being used to fence

stolen goods", rather than that appellant was using the apartment for that purpose. They argue that:

> "To be actionable *per se,* the offending words must charge the person complaining thereof with the commission of an indictable offense. *Peurifoy v. Congressional Motors,* 254 Md. 501, 510 [255 A.2d 332] (1969); *Cheek [v. J.B.G. Properties, Inc.],* 28 Md.App. [29] at 41 [344 A.2d 180] [1975]."

While those cases, and many others, seem to indicate the proposition proposed, they must be read in the context in which the statements were used. The cases did not intend to suggest that only indictable offense accusations were actionable per se. The law clearly is to the contrary. Judge Horney suggested in *American Stores Co., supra* [229 Md.] at 13, 181 A.2d 333, that when the court is determining the legal matter of whether the allegedly defamatory words are actionable per se, the court should consider the colloquial understanding of the words rather than the technical precision of the accusation:

> "It may well be that the words—'did you get [or pick up] the $117 that was on the counter'—do not in and of themselves carry an imputation of having stolen the money. But there is no requirement that the defamatory words must embody an outright accusation of the commission of a crime, for '[i]n cases of slander, words take their actionable character from the sense in which they appear to have been used, and that in which they are most likely to be understood by those who hear them.' *Garrett v. Dickerson,* 19 Md. 418, 447 (1863). And if the slanderous words used are such as in ordinary 'lay conversation' will impute, or be understood to impute guilt, that is sufficient to make them actionable *per se. Blumhardt v. Rohr,* 70 Md. 328, 17 Atl. 266 (1889). Cf. *Pollitt v. Brush-Moore, etc., Inc.,* 214 Md. 570, 575, 136 A.2d 573 (1957)."

Even though this question is one for the court to decide as a matter of law (*Cheek, supra* [28 Md.App.] at 33, 344 A.2d

180), Judge Horney went on to point out that the accompanying circumstances should in some cases be considered.

> "Thus it appears that in some cases, such as this one, it is necessary to look into the accompanying circumstances at the time the alleged defamatory words were spoken in order to determine whether the words are slanderous per se. See 53 C.J.S., *Libel and Slander*, § 70a(2), p. 117 [18]. where it is said:

>> 'Words charging a taking of property do not of themselves convey an imputation of larceny, since the property might reasonably have been taken under a claim of right, or through mistake, or in sport; but if it appears from the connection in which the charge was made or the circumstances attending its utterance that it was intended and understood to impute the crime of larceny it will be regarded as actionable per se.' "

> [Footnotes omitted].

■ The obvious implication of the assertion here was that appellant's ejectment was occasioned by her use or her permitting the use of the apartment for an illegal purpose. Any other interpretation would even strain the credulous to an absurdity. If we assume that the court below sustained the demurrer because it considered the defamation not to have been actionable per se, it erred. As Judge Smith pointed out in *Metromedia* [285 Md.] at 171, 400 A.2d 1117,

> "[w]e see the question here as being not so much a distinction between libel per se and libel per quod as a question of what is necessary to put a defendant on notice, what will satisfy our pleading requirements."[1]

The defendants (appellees) were clearly on notice that they were accused of defaming appellant and the obvious and generally understood imputation of the defamation. Any effort to define the purport of the words is useless and

---

1. Although appellees unquestionably recognized the actions as one in defamation, we did notice that appellant failed to provide a descriptive title as required by Md.Rule 301 h. That could not have been the court's reason for sustaining the demurrer without leave to amend, since it was so easily correctable.

superfluous just as it would be redundant to say that calling one a thief was meant to impute the crime of larceny. *Poe's Pleading and Practice,* Vol. I, § 173 at 211 (6th ed. 1970).

–Special damages–

■ *Jacron* did negate the damages distinction formerly recognized between per se and per quod defamations. It pointed out, among other things, that the Supreme Court in *Gertz v. Welch,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), put the quietus upon presumed damages in defamation cases. *Jacron, supra* [276 Md.] at 590, 350 A.2d 688. It is no longer possible in Maryland to recover damages by simply alleging a libel per se. *Metromedia, supra* [285 Md.] at 169, 400 A.2d 1117. To be sufficient now, a pleading alleging libel either per quod *or* per se, must "show a basis for believing that the plaintiff has sustained actual injury as defined in *Jacron*". *Metromedia, supra* at 172, 400 A.2d 1117.

■ The "actual injury as defined in *Jacron*" or the "special damages" formerly alluded to in actions per quod are as in any other tort, allegations putting the defendant on notice of the manner, nature and extent of injury. While it may be necessary to prove greater detail such as the medical or psychological definitions and descriptions, treatment, occupational impediments in dollar amounts, such detail is not a requisite of pleading. It will suffice, as Judge Smith suggests, that the defendant be notified of the harm he has wrought.

Pleadings should be brief and concise and contain only such statements of fact as may be necessary to constitute a cause of action. Md.Rule 301 b. If detail is needed to defend, the avenues of discovery are legion and the tactical uses such as demands for admissions or even particulars are common place. *Poe, supra,* discusses at length in § 174 that which constituted special damages for defamatory actions per quod before *Jacron,* and for defamatory actions per se since, as well. He concludes with a succinct sentence in summary:

"By special damage in such a case is meant pecuniary loss; but the term also includes loss of substantial hospitality of friends."

■ Appellant alleged that she had sustained losses and damages including extreme mental and emotional anguish which prevented her from engaging in her normal vocation and avocations. This language is clearly akin to the *Jacron* definition of "actual injury" [276 Md.] at 587, 350 A.2d 688, which *Metromedia*, [285 Md.] at 172, 400 A.2d 1117, required as sufficient for pleading damages in defamation cases. Precise proof of that cause of occupational losses, as well as the extent of those losses in a pecuniary sense, must necessarily be sustained at trial but hardly detailed in dollars and cents in a "brief and concise" pleading. Compare *DeWitt v. Scarlett*, 113 Md. 47, 51, 77 A. 271 (1910). Appellees are notified of the nature of the loss. Appellant also alleged that she had been ridiculed and humiliated by the statement which certainly suggests a loss of "substantial hospitality of friends".

Short of detailing the particulars of the proofs (which were not demanded) one is hard-pressed better to describe briefly the injury caused by a defamation. The mental anguish of one whose integrity is impugned is as difficult to describe to those who have never endured it, as it is for them to understand. The sneers and sarcasms, even of those who should be one's friends, are not the subject of pleadings, nor is it necessary initially to detail the reasons why the malignity spread, or how it adversely affected the maligned's vocation until proofs are called for or particulars demanded.

The same difficulties prevail in meeting the need to allege malice in the nature of knowing falsity or reckless disregard—or even negligent disregard. When the pleader alleges one or more of these states of mind, what more can he charge? His proofs may come as inferences from a series of circumstances, conversations, remarks or even patterns of conduct. Surely a "brief and concise" pleading does not contemplate such elaborate details to suggest all of the

inferences subsequently to be relied upon. The element of proof relating to a requisite state of mind of the defamer, is satisfied by its allegation in the pleading to an extent commensurate with the specific intent allegations required in the charging documents for certain crimes. How these states of mind are to be proven does not diminish the "notice" which Judge Smith observed is the purpose of pleading.

In reversing the judgment of the Circuit Court for Baltimore County, which sustained the demurrers without leave to amend, we make no judgment on the merits of the case either upon trial, motion for summary judgment or otherwise. There is a substantial difference between a litigant's right to bring an action and his right to prevail or even to maintain an action. Pleadings under the rules are intended to be somewhat simplified. Appellant alleged that appellees had clearly implied that she was implicated in an illegal activity while knowing or recklessly disregarding that it was a false accusation. She further alleged that the humiliation adversely affected her occupationally and socially. That states a cause of action. Now she must prove it.

JUDGMENT REVERSED. COSTS TO BE PAID BY APPELLEES.